IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DARREN DELAFIELD,** | ) |
| | ) |
| **Defendant/Appellant** | ) Civil No. 7:20-cv-714 |
| v. | ) |
| | ) |
| **JOHN P. FITZGERALD, III,** | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| **Acting United States Trustee for** | ) |
| **Region Four,** | ) |
| | ) |
| **Appellee** | ) |

## ORDER

Defendant/Appellant Darren Delafield appeals an order of the United States

Bankruptcy Court revoking his privilege to practice law in the United States Bankruptcy Court

for the Western District of Virginia for a period of one year and sanctioning him $5,000.00.

Delafield filed a brief in support of his appeal. ECF No. 10. The acting United States Trustee

for Region Four (UST) filed a response to Delafield's request for relief, to which Delafield

replied. ECF Nos. 12, 13. Delafield requested oral argument and a hearing was set for May 6,

2021. ECF Nos. 14, 16. However, after reviewing the briefing of the parties and the record,

including the transcript of the hearing held in the first appeal, the court concludes that the

issues have been fully briefed and oral argument will not aid in resolution of the issues. For

the reasons discussed below, the court **AFFIRMS** the order of the bankruptcy court and

**DISMISSES** Delafield's appeal.

This case has a long history which need not be set forth here.[1] In sum, Delafield, a Virginia attorney associated with businesses operating as Upright Law, LLC, Law Solutions Chicago, LLC, and Sperro, LLC, represented Timothy and Andrian Williams as debtors in front of the bankruptcy court. After unsavory practices of the businesses came to light, the UST initiated an adversary proceeding against Delafield, the businesses, and four other individual defendants. The bankruptcy court held a four-day trial and entered a memorandum opinion and order finding, among other things, that Delafield bore some responsibility for the misconduct of LSC, Upright Law, and Sperro. In addition, the bankruptcy court found that Delafield made other errors in his handling of the debtors' claims and noted that he had a past disciplinary history in the bankruptcy court. The bankruptcy court assessed a $5,000.00 sanction against him, to be paid to the debtors, and revoked his privilege to practice in the bankruptcy court for one year. The bankruptcy court also assessed monetary sanctions against the other defendants and revoked practice privileges for some of the other defendants. See Bankr. Op. R.8427-8488.[2]

Delafield and the other defendants appealed the order of the bankruptcy court to this court. Oral argument was heard on February 15, 2019. See Hrg. Tr., ECF No. 140 in Allen v. Fitzgerald, No. 7:18-cv-134 (W.D. Va. filed Mar. 27, 2018). On December 11, 2019, the court issued a memorandum opinion and order. See ECF No. 142 in Allen; 2019 WL 6742996. Regarding Delafield, the court found that the bankruptcy court did not abuse its discretion in imposing the monetary sanction and revocation of practice privileges. However, the court

---

[1] The record on appeal is filed at ECF No. 6.
[2] "R.####" refers to the Page ID numbers of bankruptcy record filed at ECF No. 6.

remanded the case to the bankruptcy court for additional findings as to some of the other sanctions against the other defendants. Id.

After the case was remanded to the bankruptcy court, Delafield filed a notice of appeal in the Fourth Circuit Court of Appeals, which dismissed the appeal as interlocutory. Delafield v. Fitzgerald, No. 20-1039, 2020 WL 3971327 (4th Cir. May 20, 2020). On remand, the matter ended in a consent decree entered by the bankruptcy court on November 13, 2020. No change was made as to any ruling involving Delafield. Order, R.158-68. Delafield has now appealed the November 13, 2020 order to this court.

Delafield argues that the bankruptcy court abused its discretion with regard to him in four respects: (1) when it sanctioned him for bad faith in his assertion of the attorney-client privilege on behalf of his clients; (2) when it imposed a sanction on him for which no notice was given and for which an incomplete hearing was held; (3) when it applied the wrong legal standard; and (4) when it sanctioned him even though he effectively represented the debtors in their bankruptcy issues, obtained discharges for them, and had no personal involvement in the New Car Custody Program operated by Sperro, Inc.

Because this court previously found on the same record that the bankruptcy court did not abuse its discretion, and because the bankruptcy court did not alter its ruling with regard to Delafield in any way on remand, the court adopts its previous order issued in Allen, No. 7:18-cv-134, and **AFFIRMS** the bankruptcy court's February 12, 2018 order, as amended, as

3

it relates to the practice revocation and monetary sanctions imposed against Delafield.[3]

Delafield's appeal is **DISMISSED** and this matter is **STRICKEN** from the record.

It is so **ORDERED**.

Entered: april 28, 2021

Michael F. Urbanski
Chief United States District Judge

---

[3] In response to Delafield's brief, the UST asserts that Delafield raised new arguments in this second appeal. However, the court has reviewed the arguments and determined that although some of the arguments are stated differently, no new arguments were raised in his second appeal and all of the arguments were either briefed, addressed at the hearing held in the first appeal, or both.